IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RANDOLPH LIPSCHER,

        Plaintiff,

vs.                                                            CIVIL NO.  11-509 BB/LFG

EQUIFAX INFORMATION
SERVICES, LLC,

        Defendant.

## ORDER DIRECTING PRODUCTION

THIS MATTER came before the Court on a Fed. R. Civ. P. 16 scheduling conference. In this consumer litigation, Plaintiff Randolph Lipscher ("Lipscher") contends that Defendant Equifax Information Services, LLC's ("Equifax") acts and omissions have damaged his credit reputation and credit rating score, and that he has incurred out-of-pocket expenses, loss of credit opportunities, and denial of credit. As damages, he seeks, *inter alia*, compensation for embarrassment, humiliation, aggravation and frustration. Thus, he asks for, in part, damages for emotional issues.

Lipscher advises that he has not complied with the mandatory disclosure obligations of D.N.M.LR-Civ. 26(d)(3). He contends that the damages he seeks are "garden variety" and, therefore, he need not comply with the requirements of the rule. He argues that he does not intend to rely on any of his medical records to support his claims; and, therefore, there is no need to disclose healthcare providers or to release records  The Court disagrees.

The district's rule requires that in litigation where a plaintiff is seeking compensation for physical, mental or emotional injury, in addition to the disclosure obligations under the federal rules, a plaintiff must disclose the identity of healthcare providers the plaintiff has seen for any reason in

the five years preceding the date giving rise to the occurrence that resulted in the lawsuit. *See* D.N.M.LR-Civ. 26.3(d). Moreover, a plaintiff is required to execute release forms so as to allow defendant to independently verify or refute the plaintiff's claims or defenses.

It is clear that when a plaintiff makes a claim for emotional injury and, as here, seeks substantial damages, he places his emotional condition at issue.[1] *See* Fox v. Gates Corp., 179 F.R.D. 303, 305 (D. Colo. 1998). It is axiomatic that a party may not assert a claim for damages and then deny the opposing party an opportunity to ascertain their legitimacy. This information is necessary to confirm Lipscher's claims, to evaluate the case for settlement, or, if necessary, to prepare to refute the claims at trial. Here, Lipscher is seeking damages for emotional harm, although they are characterized as damages for humiliation, embarrassment, and aggravation. These claims, by their very nature, involve emotional issues.

To an extent, Lipscher's claims are similar to those asserted in LeFave v. Symbios, Inc., 2000 WL 1644154 at *2 (D. Colo. Apr. 14, 2000). In LeFave, plaintiff brought an action pursuant to Title VII of the Civil Rights act alleging a sexually hostile working environment. There, as here, LeFave requested damages, including compensation for "pain and suffering, emotional trauma, and . . . humiliation." Verified Complaint, ¶ B, LeFave, 2000 WL 1644154, at *1. Defendants moved to compel production of LeFave's medical records and, in response, LeFave acknowledged that she had previously seen a healthcare provider, and there were records concerning her condition, but claimed that the records were privileged and not subject to discovery. LaFave argued that she had not placed her mental condition at issue, as her request for damages fell within the "garden variety"

---

[1] In a recent consumer case, Yazzie v. Law Offices of Ferrell & Seldin, USDC NM CIV 10-292 BB/LFG, while plaintiff contended she was only seeking "garden variety" emotional harm damages, a jury awarded in excess of $100,000 in compensatory damages and $1 million in punitive damages.

class of claims for damages insufficient to meet a good-cause requirement for production. LeFave, 2000 WL 1644154, at *1.

The LeFave court ordered production, reasoning that the information sought was relevant to the preparation of defenses against LeFave's emotional distress claims because her records might reveal stressors unrelated to the employer's conduct, which may have affected LeFave's emotional well being. LeFave, 2000 WL 1644154, at *2.

Such is the case here. While Lipscher attributes whatever his present emotional condition is to Equifax's acts or omissions, Equifax is not obligated to accept that characterization. Rather, under Rule 26, it is free to explore whether there is evidence to support or refute Lipscher's claims.

Our Tenth Circuit previously addressed the question of whether a party waives a claim of privilege for psychotherapist records by filing suit. *See* Dixon v. City of Laughton, Ok., 898 F.2d 1443 (10th Cir. 1990). In Dixon, plaintiff brought a 42 U.S.C. § 1983 action against police officers arising out of the shooting death of her son. Defendants prevailed at trial and plaintiff appealed, contending that the court erred in allowing the admissibility of certain medical records which plaintiff claimed were privileged. The Circuit found that the psychotherapist/patient privilege did not apply because plaintiff made a claim for damages relating to emotional distress. Id. at 1450-51.

Thus, our own Circuit concluded that when an emotional condition is placed at issue, there is a waiver of privilege. The court determined that medical and psychological records and other information relating to plaintiff's emotional condition may lead to the discovery of admissible evidence regarding the present claim for emotional damages.

At this stage of the proceeding, Equifax does not seek a Rule 35 independent examination. An evaluation of that nature is intrusive, and a simple "garden variety" claim for emotional damages does not trigger a defendant's right to a Rule 35 evaluation. Thiessen v. General Elec. Capital

Corp.,178 F.R.D. 568, 569-70 (D. Kan. 1998).

However, as Lipscher specifically requested damages relating to embarrassment, humiliation and aggravation, information relating to psychological, physical and/or emotional issues is relevant. For example, Lipscher may have seen a primary care physician or other healthcare provider and reported in his medical history the existence of other life stressors that were causing anxiety, humiliation or embarrassment.

In this case, there is already an indication that Lipscher was a CEO of a corporation. For some unknown reason, the corporation was not paying its taxes to the State of Kentucky, and a lien was filed on plaintiff's property. Indeed, the filing and subsequent reporting of the lien forms the basis of plaintiff's complaint. [*See, generally* Doc. 1]. However, the mere fact that there may well have been financial problems relating to Lipscher's operation of a corporation, and his subsequent withdrawal from that corporation, leaves the very real possibility that there were other stressors in his life at or near the time frame giving rise to Lipscher's lawsuit.

While Lipscher may argue that his prior visits to healthcare providers have no bearing on his present damage claims, Equifax is simply not required to accept that assessment. To the contrary, Equifax is entitled to determine whether Lipscher does indeed suffer from any mental or emotional condition, and whether that condition was caused by their alleged acts or omissions, or whether Lipscher's condition can be attributed to other causes. If other life stressors caused or contributed to the source of Lipscher's present condition, Equifax would not be liable for the underlying condition, but only for the extent to which its conduct caused aggravation of the preexisting condition.

In LeFave, the court found that defendants were entitled to discover the identity of LeFave's healthcare providers as well as her medical records for a period of five years prior to the events

Case 1:11-cv-00509-BB-LFG   Document 16   Filed 09/08/11   Page 5 of 5

giving rise to LeFave's case.  LeFave, 2000 WL 1644154, at *3 (*citing* Lanning v. Southeastern Pennsylvania Transportation Authority, 1997 WL 597905 (E.D. Pa. 1997).

At the Rule 16 conference, the Court advised that if Lipscher was willing to forego his claims for emotional injury and would not seek or accept an award for emotional injury, the Court would not require compliance with the district's local rule.  Lipscher's counsel declined that alternative.  Therefore, the Court determines that Lipscher must indeed provide Equifax with a five-year treatment history and must execute and deliver the HIPAA compliant physical and psychological record release forms.

These disclosures should have been made within fourteen days of the parties' meet-and-confer, [Doc. 6 at 2], and the Court requires full compliance with the terms of this order within ten days.

At the Rule 16 conference, Lipscher's counsel requested that the Court stay the effect of its order to produce so that Lipscher could seek appellate review.  While appellate review is the right of a party, this is an issue on which the Court believes reasonable minds cannot disagree.  It is clear to the Court that Lipscher is seeking substantial damages,[2] and by making the request for emotional harm damages, Lipscher has placed his physical, mental or emotional condition at issue.  Therefore, he must disclose his healthcare providers, treatment history, and must execute release forms.

The Court declines to stay its order, and, therefore, requires full production within 10 days.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

---

[2]Without disclosing the figure, at the Rule 16 conference, Plaintiff disclosed a very substantial settlement demand, which is based, in significant part, on a claim for emotional injury.

5