IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RANDOLPH LIPSCHER,

           Plaintiff,

vs.                                                   CIVIL NO. 11-509 BB/LFG

EQUIFAX INFORMATION
SERVICES, LLC,

           Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

THIS MATTER is before the Court on Plaintiff's Motion to Compel Equifax Information Services, LLC to Answer Written Discovery [Doc. 32]. The Court considered the motion, response and reply and determines that oral argument is not applicable.

Plaintiff Randolph Lipscher ("Lipscher") served written discovery on Defendant Equifax Information Services, LLC ("Equifax"). Within the time to respond, Equifax answered the written discovery or, alternatively, stated objections. During the week of October 10, 2011, counsel conferred telephonically. [*See* Doc. 35, Ex. E-1]. As a result of that discussion, Equifax agreed to: (1) file an amended certificate of service, (2) supplement its discovery response to include the identity of Equifax's agents, (3) provide a current file disclosure and a subscriber number on the uniform detection form ("UDF") allegedly sent by the Kentucky Department of Revenue, (4) check to see to whom that subscriber number was registered and whether it had a subscriber agreement, (5) produce policy and procedure manuals, (6) produce additional information concerning the public record vendor agreement pursuant to a confidentiality agreement, and, (7) without waiving its objection under Rule 33(d), produce an additional description of the ACIS cases in supplementary discovery responses.

Defense counsel closed his October 13, 2011 correspondence [Doc. 35, Ex. E-1] by stating, "Please let me know if there were any other issues regarding Equifax's responses to Plaintiff's first set of discovery." However, rather than respond to the request for information on any further issues and without any attempt to resolve the dispute, Lipscher filed his motion to compel. Upon receiving notice of the motion, Equifax stated, *inter alia*, "I think we could have reached a resolution on these issues without the need for Plaintiff to file a Motion to Compel if you responded to my October 13 email or called me again before filing." [Doc. 35, Ex. E-2 at 1]. Additionally, the discussion between counsel *subsequent* to the filing of the motion resolved all issues, save for one interrogatory.

In its response to the motion, Equifax properly raises Lipscher's non-compliance with the federal and local rule requirements to meet and confer in a good-faith effort to resolve their dispute prior to seeking judicial intervention. The court in Krishnakumar v. Dunkin' Donuts, 200 WL 1838319 at *1 (S.D.N.Y. Dec. 12, 2000), relying on Apex Oil Company v. Belcher, 855 F.2d 1009, 1019 (2d Cir. 1988), described the conference requirement as follows:

> Rule 37(a)(2)(A and B) requires the attorneys to confer in good faith in an effort to resolve or narrow all discovery disputes before seeking judicial intervention. "Confer" means to meet, in person or by telephone, and make a genuine effort to resolve the dispute by determining, without regard to technical interpretation of the language of a request (a) what the requesting party is actually seeking, (b) what the discovering party is reasonably capable of producing that is responsive to the request, and (c) what specific genuine issues, if any, cannot be resolved without judicial intervention. The exchange of letters between counsel stating positions "for the record" shall not be deemed compliance with this requirement, or with Rule 37(a)(2)(A and B).

The intent of this rule is obvious. If parties confer and cooperate with one another, disputes can be narrowed, and through the cooperative process, requisite information needed for the claims

and defenses can be produced without the cost and expense involved in formal motion practice and without requiring the court to intervene in disputes that reasonable parties should be able to resolve themselves.

When parties comply with this mandatory good-faith effort, it fulfills the cost-savings provisions of the Civil Justice Reform Act ("CJRA"), 28 U.S.C. § 471 *et seq.* The CJRA and the companion amendments to the federal rules in 1993 and 2000 evidence an intent to simplify and expedite the litigation process. Taken together, the CJRA and the amended rules seek to eliminate delay and reduce costs of litigation by making aspects of discovery automatic. The revised rules call for multiple opportunities for counsel to meet with one another and confer in good faith regarding many aspects of the case. The meet-and-confer requirements of Rule 26 contemplate an open discussion of claims and defenses, discovery needs and scheduling in an effort to resolve disputes early on and minimize the need for court involvement in matters which counsel are capable of resolving. *See* Swafford v. Eslinger, 2009 WL 1025223, *1 (N.D. Fla. Apr. 14, 2009)("The purpose of the discovery rules is to facilitate resolution of cases on their merits with what is supposed to be an efficient self-executing or self-policed exchange of relevant information.").

The Rule 16 scheduling conference provides counsel with a second opportunity for a face-to-face meeting to discuss the litigation, narrow issues, consider settlement and plan for the management and ultimate disposition of the case. *See* Pitman v. Brinker, Intern., Inc., 216 F.R.D. 481, 485 (D. Ariz. 2003)("The purpose of a settlement conference is to facilitate a settlement or to narrow the disparity between the parties by the candid input of a neutral, disinterested judicial officer.")"

So, too, Rule 16 status conferences bring the parties together on additional occasions to discuss the issues and to resolve disputes before they rise to the level of formal motion practice.

These revised rules contemplate mandatory settlement conferences and extensive use of alternative dispute resolution mechanisms also intended to accomplish the two-pronged goals of the CJRA, that is, to expedite the ultimate disposition of litigation and reduce costs.

What actually occurred in this case demonstrates that when parties do meet and confer in a good-faith effort to resolve disputes, those dispute can be resolved without the delay and costs inherent in motion practice. Indeed, the October 13 correspondence from Equifax's attorney to Lipscher's counsel indicates that a simple telephone call resolved the majority of the disputes. Most significantly, counsel closed his letter with an invitation to follow up with additional calls if necessary if other issues needed to be resolved. However, rather than accepting that invitation, Lipscher's counsel filed the Motion to Compel. Even after the filing, defense counsel was willing to confer and attempt to resolve other disputes which were part of Lipscher's motion. Defense counsel candidly stated that had Lipscher simply followed up on the October 13 invitation, he was sure the parties would have been able to resolve the majority of the disputes--as they ultimately did.

In response to the objection that the meet-and-confer obligations were not met, Lipscher simply argues:

> Equifax claims that Plaintiff did not make a good faith effort to resolve this discovery dispute. However, prior to Plaintiff's filing his motion to compel, Equifax refused to respond to the majority of Plaintiff's discovery requests based on its meritless objections that Plaintiff exceeded the maximum number of interrogatories. When the parties conferred, Equifax stood on its objection that Plaintiff exceed the maximum number of interrogatories and it refused to supplement its responses. Thereafter, Plaintiff filed his motion to compel only after Plaintiff's filing of his motion to compel did Equifax agree to supplement the majority of its discovery responses.

[Doc. 39 at 2 n.1].

This argument simply does not comport with the October 13, 2011 or November 8, 2011 correspondence. Essentially, Lipscher argues that he served written discovery and Equifax answered some and objected to others. Lipscher didn't think the objections were well-taken, and therefore, filed his motion. That position is not supported by the October 13 communication.

The Court concludes the Lipscher failed to comply with the mandatory meet-and-confer obligations of the rule, and failed to make a good-faith effort to resolve the dispute. The Motion to Compel should have been filed only after good-faith efforts failed. *See, e.g.*, Oliphant v. Villano, 2010 WL 4909238, *4 (D. Conn. Nov. 24, 2010)(denying plaintiff's motions to compel until plaintiff demonstrated good-faith attempts to resolve discovery disputes with defendants).

The Court concludes that the meet-and-confer requirements of Rule 37 are mandatory, and, in this case, Lipscher's failure to follow up on defense counsel's invitation to discuss any disputed matters further constitutes non-compliance with the good-faith requirements. *See* Fed. R. Civ. P. 37(a)(1) (party moving for motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."). For that reason, the Court declines to consider the motion, and therefore it is DENIED.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge